**CERTAIN UNDERWRITERS AT LLOYDS, LONDON, SUBSCRIBING TO CERTIFICATE OF INSURANCE OP01 0025, THROUGH PUGET SOUND UNDERWRITERS, INC., Plaintiffs,**

v.

**INLET FISHERIES, INC., an Alaska corporation; and Inlet Fish Producers, Inc., an Alaska corporation, Defendants.**

**Inlet Fisheries, Inc., an Alaska corporation; and Inlet Fish Producers, Inc., an Alaska corporation, Third–Party Plaintiffs,**

v.

**Totem Agencies, Inc., a Washington corporation; and American E & S Insurance Brokers California, Inc., a Washington corporation, Third–Party Defendants.**

No. A04–58CV(JWS).

United States District Court,
D. Alaska.

Nov. 3, 2005.

Brewster H. Jamieson, Lane Powell LLC, Anchorage, AK, Christopher W. Nicoll, Nicoll, Black, Misenti & Feig PLLC, Seattle, WA, for plaintiffs.

John A. Treptow, Wendy Edwards Keukuma, Dorsey & Whitney, LLC, Anchorage, AK, for defendants.

## ORDER FROM CHAMBERS

### [Re: Motion at Docket 184]

SEDWICK, District Judge.

### *I. MOTION PRESENTED*

At docket 184 third-party defendant Totem Agencies, Inc. ("Totem") moves to compel

third-party plaintiffs Inlet Fisheries, Inc. and Inlet Fish Producers, Inc. ("Inlet") to respond to certain interrogatories and requests for production propounded by Totem to Inlet. The matter has been briefed and is being decided on an expedited basis. Oral argument would not assist the court.

## II. BACKGROUND [1]

Totem seeks full responses to Interrogatory Nos. 6 and 7 and Requests for Production Nos. 15 and 16 which it originally propounded to Inlet on December 28, 2004. Inlet resists the request on the substantive grounds that the information sought is irrelevant.[2] The court previously ruled that Totem's request would be considered on shortened time so that if the information were produced it would be available in time for use at several depositions, the first of which is scheduled to commence on November 9, 2005. Time is of the essence, because discovery in this long-pending case closes on November 30, 2005.

Responses to the discovery requests were due on or about January 4, 2005.[3] Inlet requested and Totem agreed to an extension until February 4, 2005.[4] Inlet failed to respond by February 4, 2005, and counsel for Totem reminded them that the responses were overdue on March 10, 2005, and again on May 6, 2005.[5] In fact, Inlet did not respond to the discovery requests until October 17, 2005.[6] Inlet concedes, as it must, that it did not timely respond to the discovery requests.[7]

## III. DISCUSSION

Rules 33 and 34 are quite clear with respect to the time within which a party must respond to a discovery request. Each specifies that the response is due within 30 days unless a longer period of time is directed by the court or obtained by stipulation.[8] Thus, a party which objects to a discovery request must state that objection within 30 days or such other period of time as may have been secured. Here, no effort was made by Inlet to obtain an extension of time from the court, and the extension obtained by stipulation with Totem expired months ago. Inlet now asks the court to accept its untimely objection that the discovery sought is not reasonably calculated to lead to the discovery of admissible evidence by considering all the circumstances of the case, circumstances which Inlet somehow believes warrant its failure to act sooner.[9] In effect, Inlet's opposition at docket 187 is both a request for an enlargement of time of several months for responding to the disputed discovery requests as well as an argument that the relevance objection has merit.

■ Rule 6 provides that where an enlargement of time has been requested after the time for performing the act has expired, the party seeking the enlargement must show "excusable neglect." The Ninth Circuit recently addressed the concept of "excusable neglect" in an *en banc* opinion in *Pincay v. Andrews*.[10] Although the context was different, the teaching of the case is clear: A trial court should assess circumstances that may show excusable neglect using the four *Pioneer*[11] factors, which it must carefully weigh

---

1. The background in this case is extensively set forth in the order at docket 114 and further expounded in the order at docket 122. What is set out here are only the points necessary to an understanding of the present dispute.

2. Doc. 187 at pp. 2–3.

3. Fed. R. Civ. P. 33(b)(3) and 34(b).

4. Doc. 184, Exhibit E.

5. *Id.*, Exhibits G and H.

6. Doc. 184, Exhibit A at p. 4, Exhibit B at p. 4, Exhibit C at p. 3, Exhibit D at p. 3.

7. Doc. 187 at p. 15.

8. Fed.R.Civ.P. 33(b)(3) and 34(b).

9. Doc. 187 at pp. 15–18.

10. 389 F.3d 853 (9th Cir.2004) (en banc).

11. The reference is to the Supreme Court opinion interpreting the corresponding Bankruptcy Rule 9006(b)(1) in *Pioneer Investment Svcs. Co. v. Brunswick Assoc. Ltd. P'ship.*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

in the exercise of its discretion.[12]

The *Pioneer* factors are "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was reasonably under the control of the movant, and (4) whether the moving party's conduct was in good faith." [13]

■ Here, the prejudice to Totem is that by delaying its objections until near the time when discovery will close, Inlet forces Totem to confront them hastily and perhaps ineffectively. This factor weighs somewhat against an enlargement of time. Next, it is necessary to consider the length of the delay and its potential for impacting judicial proceedings. The delay here was very lengthy.[14] The impact of approving an enlargement at this late date on judicial proceedings is substantial. To condone Inlet's conduct jeopardizes the concept of case management, and even more importantly is antithetical to the court's obligation to assure "the just, speedy and inexpensive determination of every action." [15] This factor weighs heavily against enlarging the time for the objections. The third factor also weighs heavily against an enlargement. The delay was always within Inlet's control. Inlet professes to have always believed the information sought was irrelevant. Thus, it could have stated its objection at any time. Finally, there is the question of whether Inlet acted in good faith. There is no evidence to support a finding of bad faith. However, the absence of bad faith in the context of this case does not weigh in favor of an enlargement of time. A review of the record persuades the court that Inlet was at the very minimum inattentive to its responsibilities, and more likely than not, Inlet acted in conscious disregard for the interests of Totem by consistently disregarding the requests and reminders periodically emanating from Totem's counsel.

By way of a final few words, it appears to the court that Totem just ignored its responsibilities under Rules 33 and 34. The end result of its failure to act responsibly is that the parties have been forced to expend valuable resources briefing a motion at the last minute, and the court has been called upon to decide that motion on shortened time in order to allow discovery to be timely completed. It should also be noted that Inlet will suffer no prejudice if required to respond. If Inlet is correct that the information is truly irrelevant, the information will not be useable by Totem at trial.[16] If Inlet is wrong, then Totem will have the benefit of relevant information. After considering the *Pioneer* factors and exercising its discretion, the court concludes that an enlargement of time is not appropriate. It follows that the motion at docket 184 will be granted.

## IV.  CONCLUSION

For the reasons above, the motion at docket 184 is **GRANTED**. Inlet shall provide its responses to the disputed discovery requests to counsel for Totem not later than **November 8, 2005**. The Clerk will please call counsel to advise of this order.

12.  *Pincay*, 389 F.3d at 860.

13.  *Id.*, 389 F.3d at 855.

14.  The court is aware that Inlet may have assumed the order at docket 161, which extended the date for completion of discovery, had suspended the obligation to comply with outstanding discovery requests. However, there is nothing in the order or the underlying stipulation which can reasonably be interpreted to say that all existing obligations were suspended. Even if they had been, Inlet delayed from the original response date of January 4, 2005, through at least the date of the order at docket 161, which was filed on May 23, 2005, a period of nearly five months.

15.  Fᴇᴅ. R. Cɪᴠ P. 1.

16.  Indeed, given the broad scope of discovery, if Inlet really is correct, then the information will not even lead to the discovery of other evidence which would be admissible. *See* Fᴇᴅ. R. Cɪᴠ. P. 26(b).